IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENEE DANIEL, KARI CONFORTI, LYNDSEY GABRIELE, MEEGAN SHEPPARD and ELIZABETH FRANKE, <br><br> Plaintiffs <br><br> vs. <br><br> BOARD OF TRUESTEES FOR THE COLLEGE OF DUPAGE, COLLEGE OF DUPAGE, ROBERT BREUDER, TERRIE CIEZ, TOM CAMERON, KAREN SOLT and other unknown employees of the COLLEGE OF DUPAGE, in their individual and official capacity , <br><br> Defendants | Case No.: 14 CV 855 |

## COMPLAINT

Now come the plaintiffs, by and through their attorney, Steven E. Glink, pursuant to the Fourteenth Amendment to the U. S. Constitution and 42 USC 1983 and pendant state law claims and complaining against the defendants, state as follows.

## JURISDICTION

1. This action is brought pursuant to the Fourteenth Amendment to the U.S. Constitution, 42 USC 1983 and a pendent state claim alleged under the Illinois Consumer Fraud Act, 815 ILCS 505/1 et seq. and breach of implied contract.
2. Jurisdiction is proper pursuant to 28 USC 1331
3. Venue is proper pursuant to 28 USC 1392.

## THE PARTIES

4. Plaintiffs are all citizens of the United States the State of Illinois who at one time were students enrolled in the sonography program at the College of DuPage (COD).

- 1 -

5. The COD is a public community college authorized, organized under various provisions of state law, to wit, the Illinois School Code and is a governmental entity.
6. At all times relevant to this Complaint, Dr. Robert Breuder was employed as the president of the COD.
7. At all times relevant to this complaint Terrie Ciez was employed by the Board and/or the COD a professor/ instructor and program director of COD's sonography program.
8. At all times relevant to this complaint, Tom Cameron was employed by the board/ COD as the dean of the department of health and sciences.
9. At all times relevant to this complaint, Karen Solt was employed by the board and/or COD as the associate dean of the department of health and sciences.
10. At all times relevant to this complaint, the Board was a body of citizens duly authorized and empowered by state law to make all decisions necessary to effectuate the operation of the COD and were policy makers/ decision makers under powers granted to them by state law.
11. The COD is located in DuPage County Illinois.
12. The COD's principal place of business is located in DuPage County, Illinois.
13. All material acts related to this incident occurred in DuPage County Illinois.
14. On information and belief, the COD is a recipient of federal and state funds.
15. All individual defendants are sued in their individual and official capacities.

### FACTUAL ALLEGATIONS

16. At all times relevant to the events alleged in the complaint, all defendants acted under color of law via the power and authority of granted to them by State law.
17. The plaintiffs were prospective students seeking to obtain an education, training and a degree or certification in the area of sonography.
18. Plaintiff read promotional material about COD's sonography program offered by the defendants to attract applicants.
19. In 2012, in reliance on defendants' promotional materials, plaintiffs filled out applications for enrollment in COD's sonography program. Plaintiffs' applications

were reviewed and accepted by COD. Plaintiffs paid tuition and other fees to participate in the sonography program.

20. At the time that plaintiffs enrolled in the sonography program, defendants had 16 clinical positions open. However, unbeknown to the plaintiffs, defendants accepted 24 fee paying applicants into the sonography program.
21. Defendants knew or should have known that the sonography program was overenrolled when they accepted all applications, including the plaintiffs.
22. Plaintiffs participated in the sonography program until they were dismissed or flunked out by defendant Ciez.
23. Plaintiffs appealed their failing grades but their respective appeals were denied by the defendants.
24. On February 7, 2013, two plaintiffs became aware that defendant Ciez was overheard telling her staff that Daniel and Sheppard "were not going to get through the program." At that time, both plaintiffs had passing grades (Daniel had an "A" grade) in the program and had not yet taken their final exams.
25. After February 7, 2013, plaintiffs became aware that several students who were previously enrolled in COD's sonography program had filed complaints with COD that defendant Ciez issued failing grades to various students based upon her personal feelings and not upon the academic performance of those students.
26. After being dismissed from COD, plaintiffs filed internal complaints to defendants Cameron and Solt.
27. On May 30, 2013, defendants Cameron and Solt issued a memorandum to the plaintiffs stating that they investigated plaintiffs' complaints and determined that "adjustments" were needed.
28. Plaintiffs informed defendant Breuder of their complaints, which were ignored by Breuder.
29. Plaintiff claims that the defendants illegally conspired to over enroll the sonography program, knowing that defendant Ciez would "flunk out" the excess students claiming academic failure but that the defendants knew from prior student complaints of Ciez' illegal practices.

30. Plaintiffs further allege that the defendants intentionally and with a reckless disregard for their students ignored Ciez's illegal practice of failing students based upon her personal animus and/or false academic grounds thereby allowing the COD to retain monies they were not entitled to..
31. Plaintiffs also allege that they enrolled in a course, to wit, DMIS 111 and paid a fee for that course but that the course was never actually conducted.

## COUNT I-EQUAL PROTECTION CLAIM

32. Plaintiffs reallege their allegations contained in paragraphs 1-31 above as their allegations for this count.
33. As citizens of the United States, plaintiffs had a Constitutional Right to be treated equally to other similarly situated students.
34. Plaintiffs were not treated equally to other similarly situated students in that they were dismissed from the sonography program due to defendants' aforedescribed illegal acts.
35. The above described conduct by the defendants is a violation of the Civil Rights Act, 42 USC 1983.
36. As a direct and proximate result of defendants' conduct, plaintiffs have been injured in that they paid defendants tuition and could not earn the degree/ certification that they paid for. Plaintiffs also paid for books and other course materials. Plaintiffs have also been denied financial compensation in the form of lost wages for jobs they could not get because they were improperly dismissed from COD. Plaintiffs have also suffered emotional distress as a result of defendants' conduct.

Wherefore, plaintiffs respectfully pray that this Honorable Court enter judgment in her favor, against the defendants, individually and jointly and severally, in an amount in excess of $100,000.00 each plus costs and attorney's fees.

## COUNT II- DUE PROCESS CLAIM

37. Plaintiffs reallege their allegation contained in paragraphs 1-36 above as their allegations for this count.

38. As citizens of the United States, plaintiff had the right to due process of law, to wit, to be graded on their academic merit and not on the personal animus of defendant Ciez.
39. Defendants had a duty to the plaintiffs to ensure that defendant Ciez administered grades based upon a student's academic performance and not based upon her personal animus.
40. Defendants breached their duty by allowing defendant Ciez to remain in her position as program director of the sonography program and to continue to issue grades, fabricated grades, and to over enroll her program, knowing that one third of the students would be dismissed based upon these fabricated grades.
41. Defendants' conduct is a violation of the plaintiffs' rights to due process of law.

Wherefore, plaintiffs respectfully pray that this Honorable Court enter judgment in their favor and against the defendants, individually and jointly and severally, in an amount in excess of $100,000.00 each plus costs and attorney's fees.

## COUNT III-ILLINOIS CONSUMER FRAUD ACT

42. Plaintiffs reallege their allegations contained in paragraphs 1-31 above as their allegations for this count and said allegations are incorporated by reference.
43. This claim is brought under the Illinois Consumer Fraud Act, 815 ILCS 505/1 et seq.
44. Plaintiffs are consumers as defined by Section 1(e) of CFA.
45. Defendants are persons as defined by Section 1 (c) of the CFA.
46. Defendants' provision of educational services is merchandise as defined by Section 1 (b) of the CFA.
47. Defendants are engaged in trade and/or commerce as defined by Section 1 (f) of the CFA.
48. Defendants, through their school handbook, regulations, policies and promotional brochures made various statements to the plaintiffs to wit, students will be graded on their academic merit and that students accepted into the sonography program will be placed in an internship.
49. Plaintiffs relied on these statements.

50. Defendants knew that those statements were false because, at the time that plaintiffs enrolled in the sonography program and throughout the duration of their tenure in the sonography program, defendants knew (1) that Terrie Ciez had a documented history of complaints by previous students that she based her grading on her personal feelings against students and (2) that COD accepted more applicants into the program (25) than they had actual placements for (18).
51. Plaintiffs paid tuition, paid expenses and incurred substantial debt to participate in COD's sonography program.
52. As a direct and proximate result of defendants' false statements and deceptive practices, defendants were dismissed from the sonography program based on false performance grading and suffered financial losses as well as emotional distress.
53. The CFA authorizes a private right of action that includes the imposition of attorney's fees upon the employer for violation of the Act.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in their favor against each defendant, jointly and severally in an amount in excess of $100,000.00 each as well as costs and reasonable attorney's fees.

## COUNT IV-BREACH OF CONTRACT

54. Plaintiffs reallege their allegations in paragraphs 1-31 and 47-51 as their allegations for this paragraph and said allegations are hereby incorporated by reference.
55. Defendants' student handbook, policies and regulations created contractually binding duties upon them, to wit, to grade students on the basis of their academic performance and not upon non-academic criteria.
56. In violation of those contractual duties, defendant Ciez knowingly and intentionally issued false/ fabricated failing grades to the plaintiffs.
57. The remaining individual defendants knew or should have known of Ciez's fabricated grading practice and took no steps to stop it.
58. As a direct and proximate result of defendants' conduct, defendants were expelled/ dismissed from the COD sonography program thereby sustaining significant financial damages.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in an amount in excess of $100,000.00 for each plaintiff against each defendant, jointly and severally.

Respectfully Submitted,

By: s/STEVEN E. GLINK
STEVEN E. GLINK

LAW OFFICES OF STEVEN E. GLINK
ATTORNEY FOR PLAINTIFFS
ARDC # 6180869
3338 COMMERCIAL AVENUE
NORTHBROOK, ILLINOIS 60062
847/480-7749 (Voice)
847/480-9501 (Facsimile)